WILLETT K. BOGER, Jr., PROSECUTOR, v. THOMAS L. ZIMMERMAN, JUDGE OF THE BERGEN COUNTY JUVENILE AND DOMESTIC RELATIONS COURT, RESPONDENT.

Argued October 4, 1944—Decided November 30, 1944.

Before Justices PARKER and COLIE.

For the prosecutor, *Herbert J. Kenarik.*

For the respondent, *Evelyn M. Seufert* (*William M. Seufert,* of counsel).

The opinion of the court was delivered by

COLIE, J.   Prosecutor, Willett K. Boger, Jr., applies for a writ of *certiorari* to test the legality of an order made by the Juvenile and Domestic Relations Court of Bergen County that:

"It is on this 21st day of July, 1944, ordered and adjudged that the said Willett K. Boger, Jr., pay unto his wife, Ann McClave Boger, the sum of One Hundred Dollars ($100.00) per month, for and on account of her support, beginning with July 6th, 1944, and it is further ordered that payment shall be made through the Probation Office of Bergen County; and to better secure the said payment that a proper bond in the principal sum of Five Hundred Dollars ($500.00) be filed in this Court forthwith."

The proceedings were commenced by the filing of a verified complaint upon which a warrant was issued and prosecutor arrested.   The complaint reads:

"Personally appeared Anne Boger of No. 244 Clark Terrace, in the Boro of Cliffside Park, who, being duly sworn according to law, deposeth and saith, that on or about the 20th day of April, A. D. one thousand nine hundred and

forty-four at the Boro of Cliffside Park in the County aforesaid, that Willett K. Boger, Jr., being then and there the lawful husband of Anne Boger, deserts and since May 31st, 1944, wilfully refuses and neglects to support said wife contrary to the provisions of Title 9, Chapter 18–14 of the Revised Statutes of 1937, as amended.

"Therefore, this complainant prays that the said Willett K. Boger, Jr., may be apprehended and held to answer said complaint, and dealt with as law and justice may require."

The gravamen of the complaint is in the charge that prosecutor "deserts and since May 31st, 1944, wilfully refuses and neglects to support said wife contrary to the provisions of Title 9, Chapter 18–14 of the Revised Statutes of 1937, as amended." The cited statute was before this court in *Warner v. Gloucester County Court of Domestic Relations,* 131 *N. J. L.* 455, and it was held that to bestow jurisdiction on the Juvenile and Domestic Relations Court, the petition (in this case a complaint) must contain an averment that the person involved is, or is likely to become, a public charge. The complaint filed herein is deficient in that respect.

A writ may be presented for *allocatur.*